**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**JUSTIN R. CRANFORD, #110425**                                             **PLAINTIFF**

**VERSUS**                                              **CIVIL ACTION NO. 1:06cv127LG-RHW**

**MELVIN RAY and CHRIS RYLE**                                     **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER
DISMISSING THE PLAINTIFF'S COMPLAINT**

This cause is before the Court, *sua sponte*, for consideration of dismissal. Plaintiff Cranford, an inmate of the Mississippi Department of Corrections (MDOC), currently confined in the Washington County Community Work Center, Greenville, Mississippi, filed this complaint pursuant to 42 U.S.C. § 1983. The named defendants are: Melvin Ray, Justice Court Judge; and Chris Ryle, Detective with the Gulfport Police Department. On March 15, 2006, an Order was entered directing the Plaintiff to file a written response to provide specific information regarding the basis for his incarceration. The Plaintiff filed his response [7-1] to the Court's order to amend on March 23, 2006. Upon liberal construction of the Plaintiff's pleadings, the Court has reached the following conclusions.

The Plaintiff pled guilty to burglary in March of 2005, in the Harrison County Circuit Court. The Plaintiff was sentenced to serve two years on post-release supervision with eight years of time suspended. The Plaintiff asserts that in late May of 2005, he was arrested for grand larceny and commercial burglary by Detective Ryle. The Plaintiff states that subsequent to this arrest, his post-release supervision was revoked by the Harrison County Circuit Court.[1]  As a

---

[1] The Plaintiff fails to provide the Court with the date his post- release supervision was revoked.

result of this revocation, the Plaintiff was ordered to serve eight years in the custody of MDOC. On February 20, 2006, the Plaintiff was indicted by the Grand Jury of Harrison County for attempted grand larceny and three counts of commercial burglary.

The Plaintiff complains that his rights have been violated because Judge Ray "forced" him to stand trial before the Justice Court without counsel and bound him over to await the action of the next Grand Jury. *Complaint* [1-1] at page 5. The Plaintiff contends that Judge Ray denied his request to call witnesses and cross- examine the prosecution's witnesses at his preliminary hearing. The Plaintiff complains that he was incarcerated without representation on the grand larceny and commercial burglary charges from late May 2005, until he was indicted on February 20, 2006. The Plaintiff further complains that during this time period he filed numerous demands for a speedy trial and for the appointment of counsel. *Response* [7-1] page 2. The Plaintiff maintains that he has been incarcerated over 275 days without a trial in this matter.[2]

The Plaintiff alleges that he has suffered anxiety and depression entitling him to monetary damages[3] and injunctive relief. Specifically, the Plaintiff is requesting compensatory damages in

---

[2]In the last sentence of his complaint, the Plaintiff states that "due to this period of incarceration I have caught Hepatitis C." *Complaint* [1-1] at pg. 6. If the Plaintiff is attempting to assert any complaints regarding the conditions of his confinement, he may do so by filing a separate § 1983 action against the persons responsible for these conditions. However, the Court notes that this is the Plaintiff's sixth case filed pursuant to § 1983 in this Court. A new suit would not be necessary if the Plaintiff is already pursuing these complaints in one of his existing suits. In addition, the Plaintiff should be mindful that as a prisoner he is required to exhaust his available state remedies, including the MDOC Administrative Remedy Program, if applicable, before he files suit in federal court

[3]A prisoner may not bring a claim for damages based on mental or emotional injuries suffered while in custody absent a prior showing of physical injury. *Herman v. Holiday*, 238 F.3d 660 (5th Cir. 2001).

the amount of $200,000.00, punitive damages in the amount of $200,000.00 and nominal damages in the amount of $200,000.00. The Plaintiff is also requesting attorneys fees in the amount of $5,000.00. The injunctive relief requested by the Plaintiff is the dismissal of all criminal charges.

## Analysis

The Prison Litigation Reform Act of 1996, Pub.L. No. 104-134, 110 Stat. 1321, applies to prisoners proceeding *in forma pauperis* in this Court. One of the provisions of the Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2) (as amended), provides that "the court shall dismiss the case at any time if the court determines that . . .(B) the action or appeal -- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Title 28 U.S.C. Section 1915(e)(2)[4] "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); and *Macias v. Raul A.*, 23 F.3d 94, 97 (5th Cir.1994). "A district court may dismiss an *in forma pauperis* proceeding as frivolous under 28 U.S.C. § 1915(d) whenever it appears that the claim's realistic

---

[4] Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that

    (A) the allegation of poverty is untrue; or
    (B) the action or appeal
        (i)     is frivolous or malicious;
        (ii)    fails to state a claim on which relief may be granted; or
        (iii)   seeks monetary relief against a defendant who is immune from such relief.

chance of ultimate success is slight or the claim has no arguable basis in law or fact." *Henson-El v. Rogers*, 923 F.2d 51, 53 (5th Cir.), *cert. denied*, 501 U.S. 1235 (1991). *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Parker v. Carpenter*, 978 F.2d 190, 191 n.1 (5th Cir. 1992); *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992); *Henthorn v. Swinson*, 955 F.2d 351, 352 (5th Cir.), *cert. denied*, 504 U.S. 988 (1992). "[I]n an action proceeding under Section 1915(d), [a federal court] may consider, *sua sponte*, affirmative defenses that are apparent from the record even where they have not been addressed" or raised in the pleadings on file. *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Id.* The Court has permitted the Plaintiff to proceed *in forma pauperis* in this action, thus his complaint is subject to *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2).

In order to have a viable claim under 42 U.S.C. § 1983, the Plaintiff must allege that he was deprived of a right secured by the Constitution and the laws of the United States and the person depriving plaintiff of this right acted under color of any statute of the State. *Daniel v. Ferguson*, 839 F.2d 1124 (5th Cir. 1988). However, judicial officers are entitled to absolute immunity from claims for damages arising out of acts performed in the exercise of their judicial functions. *Graves v. Hampton*, 1 F.3d 315, 317 (5th Cir.1993). "Absolute judicial immunity extends to all judicial acts which are not performed in the clear absence of all jurisdiction." *Adams v. McIlhany*, 764 F.2d 294, 297 (5th Cir. 1985) (citing *Stump v. Sparkman*, 435 U.S. 349 (1978)), *cert. denied*, 474 U.S. 1101 (1986).    Judicial immunity can be overcome only by showing that the actions complained of were non-judicial in nature, or by showing that the actions were taken in the complete absence of all jurisdiction. *See Mireles v. Waco*, 502 U.S. 9,

11, 112 S.Ct. 286, 288, 116 L.Ed.2d 9 (1991); *see also Forrester v. White*, 484 U.S. 219, 220-21, 108 S.Ct. 538, 540-41, 98 L.Ed.2d 555 (1988). The allegations of this complaint against Judge Ray demonstrate that he was acting within his judicial discretion when he presided over the Plaintiff's criminal case, including but not limited to the Plaintiff's preliminary hearing.

The only allegations asserted against Detective Ryle are:  (1) he was the arresting officer; (2) the delay between the Plaintiff's arrest and trial is attributable to the prosecution, which the plaintiff states is Judge Ray and Detective Ryle;  and (3) the commercial burglary and grand larceny charges were "pursued to indictment by Christopher Ryle and the Grand Jury of Harrison County."  *Response* [7-1] at pg. 2.  The Plaintiff does not assert any allegations regarding the validity of his arrest.  The Plaintiff's complaints are exclusively centered on the judicial process since his arrest.

A detective with a city police department is not responsible for the appointment of counsel to a criminal defendant or the proceedings of the Justice Court, nor are they responsible for setting a trial date for criminal defendants.[5]  The allegations asserted against Detective Ryle fail to rise to the level of a constitutional deprivation.  Although the Court must liberally construe a *pro se* litigant's pleadings, this does not allow the Court to consider unpled facts.  *See McFadden v. Lucas*, 713 F.2d 143, 147 n.4 (5th Cir. 1983) (citing *Slotnick v. Staviskey*, 560 F.2d 31, 33 (1st Cir. 1977)).  A  *pro se* litigant must set forth facts giving rise to a claim on which relief may be granted.  *Levitt v. University of Texas at El Paso*, 847 F.2d 221, 224 (5th Cir.), *cert. denied*, 488 U.S. 984 (1988).

---

[5] *See generally*, MISSISSIPPI UNIFORM RULES OF PROCEDURE FOR JUSTICE COURT AND MISSISSIPPI UNIFORM RULES OF CIRCUIT AND COUNTY COURT PRACTICE.

The Court also notes that to the extent the Plaintiff is requesting the dismissal of all criminal charges as relief in this action, his claims are not properly before the Court. Section 1983 is an appropriate legal vehicle to attack unconstitutional prison procedures or conditions of confinement. *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997) (citing *Cook v. Texas Dep't of Crim. Justice Transitional Planning Dep't*, 37 F.3d 166, 168 (5th Cir. 1994)(noting distinction between claims that must initially be pressed by writ of habeas corpus and those that may be brought pursuant to § 1983)). The Plaintiff must pursue claims that affect his eligibility for, or entitlement to, accelerated release through habeas corpus. *Id*. (citing *Pugh v. Parish of St. Tammany*, 875 F.2d 436, 439 (5th Cir. 1989)). The Plaintiff must first pursue his request for the dismissal of criminal charges by filing a petition for habeas corpus relief.[6] However, before the Plaintiff can pursue this matter through habeas corpus in federal court, he is required to exhaust his available state remedies. *Preiser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); *Dickerson v. State of Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987), *cert. denied*, 484 U.S. 956 (1987)(applying requirement that a petitioner exhaust his available state remedies to habeas petitions under 28 U.S.C. § 2241); *Thomas v. Torres*, 717 F.2d 248, 249 (5th Cir. 1983). Plaintiff has failed to satisfy the exhaustion requirement. *See* 28 U.S.C. § 2254(b)(1). In addition, the Plaintiff has not shown that exhaustion of his state court remedies would be futile. *See Deters v. Collins*, 985 F.2d 789, 795-96 (5th Cir.1993).

Conclusion

---

[6] With respect to the Plaintiff's attempted grand larceny and commercial burglary charges, the Court notes that a pre-trial Petitioner challenging his incarceration is properly brought pursuant to 28 U.S.C. § 2241, "which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him." *Dickerson v. State of Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987), *cert. denied*, 484 U.S. 956 (1987).

As discussed above, Judge Ray is entitled to absolute immunity. Additionally, Plaintiff has failed to allege claims of a constitutional violation against Detective Ryle. Consequently, the Plaintiff's claims for monetary damages will be dismissed with prejudice pursuant to 28 U.S.C. Section 1915(e)(2)(B)(ii) and (iii). Finally, the Plaintiff's mixed claims for habeas corpus relief are unexhausted and will be dismissed, without prejudice.

Since this case is dismissed pursuant to the above mentioned provisions of the Prison Litigation Reform Act, it will be counted as a "Strike."[7] If the Plaintiff receives "three strikes" he will be denied *in forma pauperis* status and required to pay the full filing fee to file a civil action or appeal.

A final judgment in accordance with this Memorandum Opinion and Order will be entered.

**SO ORDERED AND ADJUDGED** this the 26th day of July, 2006.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE

---

[7] 28 U.S.C. § 1915(g) states "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."